UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| FADI PUTROS, | ) | |
| | ) | Case No.: |
| Plaintiff, | ) | |
| | ) | Hon: |
| vs. | ) | |
| | ) | |
| HHI FORM TECH, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

*Attorney for Plaintiff*
Roy W. Harris Jr. (P74735)
HARRIS LEGAL PLLC
100 West Big Beaver Road, Suite 200
Troy, MI 48084
(248) 524-0336
roy@myharrislegal.com

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  NATURE OF THE CASE

1.      Plaintiff Fadi Putros (hereinafter "Plaintiff" or "Putros"), by counsel, brings this action against Defendant, HHI Form Tech, LLC, (hereinafter "Form Tech" or "Defendant") for unlawfully violating Putros' rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*; and the Elliott-Larsen Civil Rights Act ("ELCRA"), as amended, MCL 37.2101 *et seq.*

### II.  PARTIES

2.      At all relevant times, Plaintiff Fadi Putros was a resident and citizen of Sterling Heights, Macomb County, Michigan within the geographical boundaries of the Eastern District of Michigan.

3.      Defendant maintains its principal place of business in Royal Oak, Oakland County, Michigan and conducts business and maintains a place of business in Fraser, Macomb County, Michigan within the geographical boundaries of the Eastern District of Michigan.

### III. JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this Complaint pursuant to 37.2801, 28 U.S.C. §1367, 28 U.S.C. §1331, 28 U.S.C. § 1343, and 42 U.S.C. § 2000e-5(f)(3).

5.      Defendant is an "employer" as that term is defined by MCL 37.2201(a) and 42 U.S.C. § 2000e(b).

6.      Defendant and Plaintiff are each a "person" as that term is defined by MCL 37.2103(g) and 42 U.S.C. § 2000e(a).

7.      At all times relevant to this action, Putros was an "employee" within the meaning of MCL 37.2201(a) and 42 U.S.C. § 2000e(f).

8.      Putros satisfied the obligation to exhaust administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 471-2015-02894 against Defendant alleging unlawful race and national origin discrimination and retaliation.  Putros received a Notice of Suit Rights on this Charge of Discrimination and now brings this original action within ninety (90) days of receipt thereof.

9.      The alleged violations occurred and substantially all of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical boundaries of Fraser, Macomb County, Michigan, thus venue is proper in this Court.

10.      Plaintiff's state law claims arise from the same common nucleus of operative facts as Plaintiff's federal law claims and all of Plaintiff's claims form a single case and controversy

under Article III of the United States Constitution.

## IV. FACTUAL ALLEGATIONS

11.    Putros is a person of Iraqi-Chaldean national origin/ethnicity who was hired by Defendant as a CNC Operator on or about November 18, 2013.

12.    Throughout his employment with Defendant, Putros met or exceeded Defendant's legitimate performance expectations.

13.    Defendant subjected Putros to less favorable terms, conditions and privileges of employment on the basis of his national origin. Specifically, on the basis of Putros' national origin, Defendant subjected Putros to heightened scrutiny and unwarranted corrective action for conduct which similarly situated non-Iraqi-Chaldean employees were subjected to more favorable terms, conditions and privileges of employment under the same or similar circumstances.

14.    The unwarranted corrective action that Defendant imposed on Putros includes:

- Written warning for an alleged safety violation on or about January 23, 2014;

- Written warning for alleged poor performance on or about April 12, 2014;

- Written warning for an alleged loitering violation on or about June 24, 2014;

- Written warning for alleged poor performance on or about August 22, 2014;

- Verbal counseling for an alleged attendance violation on or about September 30, 2014;

- 3 day suspension for alleged poor performance on or about October 2, 2014;

- 5 day suspension for alleged poor performance on or about October 10, 2014; and

- Termination of employment for alleged poor performance on or about December 15, 2014.

15.    Fed up with the unlawful heightened scrutiny and unwarranted corrective action

on the basis of his national origin, Putros submitted a written complaint of national origin discrimination to Defendant on or about October 10, 2014. In the three-page written complaint, Putros stated that he has been "illegally singled out, disciplined and harassed due to [his] national origin/ethnicity in violation of federal and state anti-discrimination laws." Further, Putros formally requested in the written complaint that Defendant immediately cease all unlawful national origin discrimination against him. Putros also listed numerous incidents of national origin discrimination and noted that Defendant took no corrective action pursuant to his numerous verbal complaints of national origin discrimination.

16.     On or about December 15, 2014, Defendant terminated Putros' employment on the basis of his national origin and/or in retaliation against Putros for engaging in the protected activity of lodging verbal and written complaints of national origin discrimination.

17.     Defendant's stated reasons for terminating Putros are mere pretext for unlawful retaliation and/or discrimination on the basis of Putros' national origin.

### V.  CAUSES OF ACTION

#### 1. NATIONAL ORIGIN DISCRIMINATION

18.     Putros hereby incorporates paragraphs one (1) through seventeen (17) of this Complaint as if the same were set forth at length herein.

19.     Defendant terminated Putros, and otherwise discriminated against Putros with respect to employment or a term, condition, or privilege of employment, on the basis of Putros' national origin.

20.     The Defendant's actions were in violation of Putros' rights as protected by Title VII and the ELCRA.

21.     The Defendant's actions were willful, intentional, done in bad faith with malice

aforethought, and in reckless disregard for Putros' civil rights.

22.     Putros has suffered damages as a result of the Defendant's unlawful actions.

## 2. RETALIATION

23.     Putros hereby incorporates paragraphs one (1) through twenty-two (22) of this Complaint as if the same were set forth at length herein.

24.     Defendant subjected Putros to adverse employment action, including termination, in retaliation against Putros for engaging in activities protected by Title VII and the ELCRA.

25.     The Defendant's actions were in violation of Putros' rights as protected by Title VII and the ELCRA.

26.     The Defendant's actions were willful, intentional, done in bad faith with malice aforethought, and in reckless disregard for Putros' civil rights.

27.     Putros has suffered damages as a result of the Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Fadi Putros, respectfully requests that this Court enter judgment in Putros' favor and award Putros the following relief:

1.     Injunctive relief sufficient to prevent the Defendant from subjecting individuals to unlawful discrimination or retaliation on the basis of national origin;

2.     Payment to Putros of all lost wages and benefits incurred as a result of the Defendant's unlawful actions;

3.     Payment to Putros of compensatory and punitive damages;

4.     Reinstatement to the position that Putros would have enjoyed but for the Defendant's unlawful conduct, or front pay in lieu thereof;

5.     Payment to Putros of pre- and post-judgment interest;

6.     Payment to Putros of all reasonable costs and attorney's fees incurred in litigating this action; and

7.     Provide to Putros any and all other legal and/or equitable relief this court deems just and appropriate.

Respectfully submitted,

Dated:  June 13, 2016          /s/Roy W. Harris Jr.
                               Roy W. Harris Jr.

                               HARRIS LEGAL PLLC
                               100 West Big Beaver Road, Suite 200
                               Troy, MI 48084
                               (248) 524-0336
                               roy@myharrislegal.com
                               P74735

                               *Attorney for the Plaintiff, Fadi Putros*


## DEMAND FOR JURY TRIAL

Plaintiff, Fadi Putros, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

Dated:  June 13, 2016          /s/Roy W. Harris Jr.
                               Roy W. Harris Jr.

                               HARRIS LEGAL PLLC
                               100 West Big Beaver Road, Suite 200
                               Troy, MI 48084
                               (248) 524-0336
                               roy@myharrislegal.com
                               P74735

                               *Attorney for the Plaintiff, Fadi Putros*